UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT F. SMITH,

Petitioner,

v.

9:17-CV-0258

BRANDON SMITH,
Superintendent, Greene
Correctional Facility,
DEPARTMENT OF
CORRECTIONS AND
COMMUNITY SUPERVISION,
and BOARD OF PAROLE

Respondents.

---

APPEARANCES: OF COUNSEL:

ROBERT F. SMITH
Petitioner, pro se
44 Grand Street
Newburgh, New York 12550

HON. ERIC T. SCHNEIDERMAN
Attorneys for Respondents
New York State Attorney General
120 Broadway
New York, New York 10271

PAUL B. LYONS, ESQ.
Ass't Attorney General

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Petitioner Robert Smith ("Smith" or "petitioner") has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a parole revocation determination. Dkt. No. 1, Petition ("Pet."). Respondents initially filed a motion to dismiss the petition without prejudice

for a lack of exhaustion or, in the alternative, permission to limit their answer solely to the issue of exhaustion. Dkt. No. 3, Respondents' Motion to Dismiss.

On June 22, 2017, respondents' motion to dismiss was denied but their request to file a limited response to the petition was granted. Dkt. No. 7. Thereafter, respondents filed an answer, memorandum of law, and pertinent records from the state court proceedings related to the limited issue of exhaustion. Dkt. No. 13, Respondents' Answer; Dkt. No. 14, Respondents' Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 15, State Court Records ("SCR").[1] Petitioner filed a reply. Dkt. No. 17, Traverse; Dkt. No. 17-1, Petitioner's Memorandum of Law (Pet. Mem.).

For the reasons that follow, Smith's petition is denied and dismissed.

## II. BACKGROUND

### A. Prior Conviction

On May 10, 1993, Smith was convicted in Orange County Supreme Court of rape in the first degree in violation of N.Y. Penal Law § 130.35 and of criminal possession of a weapon in the third degree in violation of § 265.02. SCR 1-2. Petitioner was sentenced, as a second felony offender, to two indeterminate terms of imprisonment—12.5 to 25 years on the rape charge and 2 to 4 years on the weapons charge—to run concurrent with one another. *Id.*

### B. Parole Proceedings

In May 2015, Smith was released to post release supervision. SCR 3-15. However,

---

[1] Petitioner filed a set of state court records with his petition as well. Dkt. No. 3-1. It appears that respondents' submission is more comprehensive (Dkt. No.15, SCR) and therefore, for the sake of clarity and efficiency, all references to the state court records will be to that attachment filed with the respondents' moving papers.

on October 31, 2015 a warrant was issued and executed for petitioner's detention in connection with several violations of petitioner's parole conditions. SCR 16; *see also* SCR 18 (Notice of Violation); SCR 19-22 (Violation of Release Report & Case Summary).

On November 9, 2015, a preliminary revocation hearing occurred. SCR 17. Based on the proffered testimony, a hearing officer from the Board of Parole determined that there was sufficient evidence to establish probable cause for the alleged violations of Smith's parole conditions. *Id*.

On April 5, 2016, a final revocation hearing was held before a Board of Parole administrative law judge ("ALJ"). SCR 32-156. Smith was represented by counsel. *See* SCR 33 (noting appearance of counsel for parolee). The ALJ heard testimony from petitioner (SCR 140-152), an offender rehabilitation counselor (SCR 46-61), and two parole officers (SCR 61-139) before reserving judgment (SCR 154-55).

In a written decision dated April 29, 2016, the ALJ held that the New York State Department of Corrections and Community Supervision ("DOCCS") had successfully met its burden of proof on four of the five charges and found that Smith violated several of his parole supervision conditions. SCR 159-65. Accordingly, petitioner's parole was revoked and he was ordered held in prison until the maximum expiration date of his sentence. SCR 164.

The ALJ's written decision ended with a notice that was in bold font and all capital letters reading, "**NOTICE: YOU HAVE THE RIGHT TO APPEAL THIS DECISION.**" SCR 165. However, Smith did not administratively appeal the revocation of his parole. SCR 356-57.

**C. State Court Proceedings**

On or about April 8, 2016, Smith filed a petition for a writ of habeas corpus with the Orange County Supreme Court. SCR 166-72. Petitioner claimed that his detention pursuant to the October 2015 parole warrant was illegal because the warrant was forged and that these actions represented several violations of various New York State laws and regulations. SCR 168.

In May of 2016, Smith filed an amended petition for a writ of habeas corpus. SCR 173-86. This petition presented the same allegations but included more detail and further exhibits. SCR 173-86.[2] Concurrently, petitioner also successfully received in forma pauperis status for his state court proceeding. SCR 201-02.

On June 30, 2016, respondents filed a motion to change venue from Orange County Supreme Court to Greene County Supreme Court. SCR 203-08.

On July 11, 2016, Smith filed a response to the motion to change venue, proffering the same arguments set forth in his habeas petition: (1) the parole warrant was forged and, therefore, illegally executed and enforced on him; and (2) he was being illegally detained. SCR 228-62.

On July 13, 2016, respondents' motion to change venue to Greene County was granted. SCR 263-64. Thereafter, respondents argued the state petition should be dismissed because: (1) the petition failed to name a necessary party; (2) petitioner did not administratively appeal the revocation of his parole, and the time limit for such an appeal had

[2] Concurrently, petitioner was also sending letters to various individuals regarding his illegal detention. SCR 181-85. Attached as exhibits to his state habeas corpus petitions are letters addressed to Sheriff Dubois and Sgt. Proscia regarding petitioner's detention and the parole warrant. *Id.*

expired; and (3) habeas corpus is an appropriate remedy only if petitioner is entitled to immediate release from custody, and in this case, petitioner would not be entitled to immediate release even if his factual allegations were true. SCR 265-94.

Smith filed a seventeen-page reply. SCR 295-311; *see* SCR 312-46 (exhibits attached to reply). Petitioner addressed each of respondents' arguments, specifically contending that the "Board of Parole ha[d] no jurisdiction for review [of the revocation decision]: . . . ALJ[s] . . . do not have jurisdiction over issues stemming from preliminary hearing proceedings and the matter may not be appealed . . . ." SCR 298.

Smith further argued that the parole warrant was improperly executed in violation of New York State statutes and regulations, with one exception. SCR295-311. In one of the final paragraphs, petitioner included a citation to the Fourth and Fourteenth Amendments. SCR 310 ("There is clear evidence of PO Flynn's actions of bad faith, willful and negligent disregard of warrant requirement which has been a pattern as well as a practice of inattention to warrant requirement. U.S.C.A. Const. Amends. 4, 14; Executive Law §259-i(3)(a)(i); 9 NYCRR 8004.2 (a,b).").

On October 31, 2016, relying solely on state law, the Greene County Supreme Court issued a decision denying and dismissing Smith's petition in its entirety. SCR 354-59. First, the Court held that a necessary party was missing, which alone would constitute reason to dismiss. SCR 356. Second, the Court found that petitioner was not entitled to immediate release. SCR 356. Third, and most relevant to the present petition, the Court determined that petitioner failed to exhaust his administrative remedies prior to commencing suit. SCR 356. Specifically, the Court held:

> Since [petitioner] has not filed an appeal or otherwise challenged

> the final parole revocation issued on April 5, 2016, he has failed to exhaust his administrative remedies. This result remains the same whether the action is brought as a habeas corpus or as the properly converted article 78 petition, as "[h]abeas corpus is a summary remedy; it is not an appropriate vehicle to bypass administrative remedies when there are disputed factual issues present (*see Matter of Trimaldi v. Superintendent of Washington Corr. Fac.*, 169 AD2d 960, 960-61 [3d Dept 1991] [citations omitted] ["The doctrine of exhaustion of administrative remedies would clearly bar any relief under CPLR article 78, and we see no reason for reaching a different result even if we accept petitioner's claim that habeas corpus is an appropriate remedy."]).

SCR 357. Finally, the Court dismissed any remaining arguments on the merits. SCR 357.

It does not appear that Smith appealed from this adverse decision. Indeed, as of August 22, 2017, the Appellate Division, Third Department had no record of any appeal of the October 31, 2016 decision denying the petition. Respondents' Answer ¶ 4; *see also* Pet. ¶ 12(d)(4) & (7) (explaining the "judge rendered an arbitrary and capricious ruling that left [petitioner] with the assumption [his] . . . constitutional rights would not be protected in the State Courts and [he] . . . would not obtain the relief sought.")

## III. THE PRESENT PETITION

Construed liberally, Smith raises the following grounds for habeas relief in his federal habeas petition and memorandum of law:[3] (1) he was illegally detained due to a forged and invalid warrant; (2) he was subjected to an illegal, unconsented to, and warantless search; (3) the denial of his state court writ of habeas corpus was "arbitrary and capricious" and in violation of his right to equal protection; and (4) he is being unlawfully detained beyond the expiration date of his sentence. Pet. ¶¶ 9-12.

Respondents' arguments are limited to claims of exhaustion and procedural

[3] For the sake of clarity and ease of discussion, petitioner's claims have been renumbered and reorganized.

default. R. Mem. at 5-15. In his reply, Smith asserts that his arguments in the state proceeding were "premised on state statutory law, [but also] allege[d] a los[s] of liberty pursuant to an invalid warrant . . . which alerts the state court of a constitutional claim." Pet. Mem. at 11.[4]

Further, with respect to exhaustion, Smith contends that any attempt to appeal the final revocation of his parole was not possible because the issues were not reviewable administratively and that he "attempted to exhaust available administrative remedies . . . but all were indifferent to the rights of the petitioner and had not responded." Pet. Mem. at 9, 15.

## IV. DISCUSSION

As an initial matter, recent correspondence from Smith suggests that he has been released from incarceration and therefore his present petition is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998) (holding that while "[a]n incarcerated . . . parolee's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because . . . the incarceration . . . constitutes a concrete injury, where the substance of the suit is parole revocation and the resulting "reincarceration that . . . [occurred] as a result of that action is now over, and cannot be undone," the petitioner is required to demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement [which] resulted from petitioner's parole revocation," in order for the petition to survive).

Smith does not appear to have raised any injuries which would allow his present petition to continue under *Spencer*. However, engaging in such an analysis is fruitless because petitioner's claims were not properly exhausted and, even when deemed

[4] The pagination referenced herein is that generated by CM/ECF and located on the top of each document.

exhausted, are procedurally defaulted.

**A. Exhaustion**

An application for a writ of habeas corpus may not be granted until a prisoner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).

In other words, it must first be determined whether Smith is barred from raising his claims based on a failure to present them to the highest state court capable of reviewing them or his failure to raise them in federal constitutional terms in his administrative and state proceedings before the merits of his petition can be addressed.

Importantly, a petitioner must exhaust his or her claim both procedurally and substantively. "A petitioner seeking habeas review of his parole revocation is subject to the exhaustion doctrine." *Lebron v. Annucci*, No. 9:15-CV-0829 (GLS), 2016 WL 1312564, at *2 (N.D.N.Y. Apr. 4, 2016) (citing, *inter alia, Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)).

**1. Procedural Exhaustion**

Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Accordingly, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"The typical path for exhausting a claim concerning a petitioner's parole revocation

proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding." *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) (citations omitted); *see also* N.Y. COMP. CODES R & REGS tit. 9, § 8006.1.

"If the Article 78 petition is denied, the petitioner must then appeal that denial to the 'highest state court capable of reviewing it.'" *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)); *see also Santiago v. Unger*, No. 1:12-CV-133, 2013 WL 227757, at *8 (W.D.N.Y. Jan. 22, 2013) (explaining that the first step after the denial of an Article 78 petition is to "then appeal the denial to New York's intermediate appellate court, the Appellate Division.").

Smith failed to procedurally exhaust any of his claims through either administrative or judicial channels. First, petitioner participated in a final revocation hearing where the ALJ ultimately revoked petitioner's parole and detained him. In that hearing decision, petitioner was specifically advised that his final parole revocation could be administratively appealed.

Regardless of whether such an administrative appeal would be ineffective, Smith was provided with information on how to challenge the revocation decision but failed to do so. As properly noted by the Greene County Supreme Court when determining petitioner's court-converted state habeas petition to an Article 78 claim, petitioner failed to administratively appeal his final parole revocation determination, rendering his claims procedurally unexhausted.

Second, Smith failed to exhaust his claims in state court because he failed to appeal the decision on his state habeas petition-turned-Article 78 proceeding. Per respondents'

answer, no appeal was filed in the Appellate Division and therefore, no appeal was taken in the case. Respondents' Answer ¶ 4. There is also nothing in the record to indicate that petitioner filed any leave application with the New York Court of Appeals. Accordingly, petitioner did not properly present the appeal to either of the next two higher level courts capable of reviewing it.

Smith contends that he successfully exhausted his claims by sending letters to individuals who he thought had the power to rectify the violations that he suffered. However, "informal communications . . . [by petitioner] are insufficient to satisfy § 2254(b)(i)'s exhaustion requirement." *Owens v. New York State Parole Bd.*, No. 13-CV-8057, 2014 WL 5089364, at *3 (S.D.N.Y. Sept. 25, 2014). Accordingly petitioner has failed to appropriately exhaust his remedies in state court. *See e.g., O'Sullivan*, 526 U.S. at 845.

**2. Substantive Exhaustion**

Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011); *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (holding petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.").

"While 'a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir.

2014) (quoting *Carvajal*, 633 F.3d at 104).

A petitioner satisfies the fair presentation requirement by: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Carvajal*, 633 F.3d at 104 (quoting *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 194 (2d Cir.1982) (en banc)); *see Baldwin*, 541 U.S. at 33 ("Reese, however, has not demonstrated that Oregon law uses the words 'ineffective assistance' in the manner he suggests, that is, as referring only to a federal-law claim.").

Even assuming Smith procedurally exhausted his claims, he failed to fairly present his claims to any court or administrative body in federal constitutional terms. Consistently throughout his filings, petitioner has admittedly relied upon New York state statutes, regulations, and case law.

Smith did not substantively rely on any federal statutes or federal cases. In his reply, petitioner cited to *Smith v. Doe*, 538 U.S. 84 (2003) to support his argument about his incarceration's maximum expiration date. SCR 299. But *Smith* is irrelevant here—it determined whether the retroactive application of an Alaskan Sex Offender Registration Act was a punishment precluded by the *ex post facto* clause. *Id*. The issues in this petition are completely unrelated to petitioner's claims of a forged warrant and illegal detention.

Similarly, none of the handful of state cases Smith cited utilized any type of constitutional analysis. Petitioner relied on one state case in his amended state court

habeas petition (SCR176) and four additional state cases in his reply papers (SCR 308).

Two of these cases dealt with the validity of property transfers given to interested witnesses, forgeries, and other deed deficiencies. *See Armstrong v. Combs*, 15 A.D. 246 (3d Dep't 1897); *Caccippoli v. Lemmo*, 152 A.D. 650 (2d Dep't 1912).

One case determined what the New York State Legislature's statutory intent was regarding the definition of forgery and interpreted the New York State Penal Code accordingly. *People v. Abeel*, 182 N.Y. 415 (1905).

The other two cases involved attorney disciplinary matters. The first opinion was about an attorney who was censured for making misleading statements in an affidavit. *See In re Matter of Napolis*, 169 A.D. 469 (1st Dep't 1915). The second case citation was incorrect, but independent research uncovered five cases entitled "*In re Brooklyn Bar Ass'n*" or "*In the Matter of Brooklyn Bar Association.*"

All five of those decisions also related to attorney disciplinary matters. *See in re Brooklyn Bar Ass'n*, 92 A.D. 612 (2d Dep't 1904); *In re Brooklyn Bar Ass'n*, 93 A.D. 618 (2d Dep't 1904); *In re Brooklyn Bar Ass'n*, 223 A.D. 149 (2d Dep't 1928); *In the Matter of Brooklyn Bar Ass'n*, 213 A.D. 876 (2d Dep't 1925); *In re Matter of the Brooklyn Bar Ass'n*, 217 A.D. 758 (2d Dep't 1926).

In sum, all of these cases concern state statutory and administrative issues. None of these cases included allegations of or discussions about the deprivation of constitutional rights nor did the court engage in a constitutional analysis. There has been no allegation or pattern of facts that are within the mainstream of constitutional litigation. To the contrary, Smith's claims primarily revolve around allegations of a forged warrant and resulting parole

consequences, none of which were asserted in particular language reminiscent of constitutional rights.

Notably, Smith made one passing reference to two constitutional amendments in a citation in his reply papers. However, that reply was for the present petition and those references were not found in any of the paperwork that was previously filed in state court. Regardless, presentation of such issues in a reply brief is insufficient to satisfy the fair presentation requirement. *See Rustici v. Phillips*, 308 F. App'x 467, 469 (2d Cir. 2009).

To the extent that Smith's arguments about the invalidity of the warrant were supposed to alert the state courts to the presence of violations of the Fourth and Fourteenth Amendments, there is no explanation in any of petitioner's state court papers as to how or why the allegedly forged warrant and subsequent detention implicates, let alone violates, the constitutional amendments identified. Accordingly, petitioner's claims are also substantively unexhausted.

**3. <u>Lack of Available State Remedies</u>**

In Smith's reply to respondents' motion to dismiss, petitioner argues that he was "time barred to effectively exhaust his state court remedies [and] if . . . the court [should] dismiss his federal habeas petition, there is no state remedy available." Dkt. No. 8, ¶ 23.

This argument fails primarily because Smith had several options to timely exhaust his claims but simply failed to pursue any of them. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). Accordingly, while he did not avail himself of those avenues of relief, the

appropriate state remedies were in fact *available* to petitioner.

**B. Procedural Default**

Smith's claims are also procedurally defaulted because petitioner now has no avenue by which to exhaust them in state court.

"[W]hen a 'petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citation omitted).

Unexhausted claims may be deemed exhausted if "it is clear that the unexhausted claim is procedurally barred by state law," rendering presentation of the claim in state court "futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)). A "procedural default can only be cured by a showing of cause for the default plus prejudice, or a showing of actual innocence." *Aparicio*, 269 F.3d at 91 (citing *Coleman v. Thompson*, 501 U.S. 722, 748-49 (1991)).

To establish cause, petitioner must demonstrate that some objective external factor impeded his ability to comply with the procedural rule at issue. *Maples v. Thomas*, 565 U.S. 266, 132 S. Ct. 912, 922 (2012); *Coleman*, 501 U.S. at 753. If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

In this case, all of Smith's claims are unexhausted and can no longer be raised in state court. "Petitioner can no longer bring an administrative appeal because he failed to file a notice of appeal within thirty days of his final parole revocation hearing [in April of 2016] . . . ." *Roundtree v. Bartlett*, No. 1:10-CV-633, 2011 WL 5827315, at *4 (W.D.N.Y. Nov. 18, 2011); *see also* N.Y. COMP. CODES R. & REGS tit. 9, § 8006.1(b) ("The appeal process [from a final determination of the Board of Parole] is initiated by the filing of a notice of appeal within 30 days of the date that the inmate . . . receives written notice of the final decision . . . . ").

Further, Smith can no longer bring an appeal to the Appellate Division from the dismissal of his converted state habeas petition on October 31, 2016, because the time to do so has expired. *See Scales*, 396 F. Supp. 2d at 429 ("Under New York law, petitioners must appeal an adverse Article 78 determination within thirty days after being served with a copy of the judgment.").

Moreover, Smith cannot institute a new Article 78 proceeding because such actions must be brought within four months of the conclusion of the administrative hearings, namely the parole revocation hearing; given that the revocation hearing was decided in October 2016, that time has long since expired. *See* N.Y. CPLR § 217. Because state remedies are no longer available, petitioner's claims are deemed exhausted and procedurally defaulted. *Aparicio*, 269 F.3d at 90.

Smith's claims cannot be saved from procedural default via one of the previously identified exceptions as neither has been demonstrated in this case. While petitioner has seemingly offered several different reasons for his failure to appeal his parole revocation or Article 78 dismissal, none are sufficient to establish cause and prejudice or petitioner's actual

innocence.

First, Smith conclusorily references the "[i]neffective assistance of counsel" as a reason for failing to present his claims in state and federal court. Pet. ¶13(b). However, it is unclear what the facts are supporting this claim as none are alleged. Further, as the Article 78 was a civil proceeding, the Sixth Amendment does not guarantee counsel and therefore there is no action for ineffective assistance of counsel associated with a petitioner's representation during the course of that proceeding. *Salahuddin v. Unger*, No. 1:04-CV-2180, 2005 WL 2122594, at *9 (E.D.N.Y. Sept. 2, 2005) (citations omitted). Lastly, as petitioner did not articulate an ineffective assistance of counsel claim earlier in any of his filings, he cannot use that to serve as the cause to excuse his default. *See e.g., Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

Second, Smith contends that he only learned of the forgery of the warrant during the final revocation hearing, so he was precluded from raising it as a claim because it was too late to do so; instead, the claim could only properly be raised during the preliminary revocation hearing. Pet. ¶12, Ground One (b). Petitioner also explains that because his state habeas petition was filed prior to the decision revoking his parole, he was unable to fairly present his claims. Pet. Mem. at 19.

These arguments are untenable. To the extent Smith is attempting to allege that his state habeas petition was premature, which precluded his ability to advance his arguments surrounding his parole revocation, such arguments are meritless. As explained in the Greene County Court's decision, there was still an audience and opportunity for petitioner to assert these arguments via an appeal to the appropriate appellate division of the converted Article 78 dismissal. *See* SCR 356-57 (explaining that an Article 78 proceeding is the

appropriate procedural vehicle to challenge a final revocation hearing – hence the conversion – but regardless petitioner failed to timely allege his claims via any avenue rendering them unexhausted); *see also McCullough*, 2015 WL 2340784, at *4 (explaining that, after exhausting all administrative appeals offered in connection with a parole revocation, the next procedural step is to file an Article 78); *Scales*, 396 F. Supp. 2d at 428 (clarifying that when an Article 78 petition is denied it too must be appealed); *Santiago*, 2013 WL 227757, at *8 (stating that an Article 78 appeal is next filed with the appropriate appellate division).

With respect to Smith's latter contention, while his state habeas petition was filed prior to the final revocation decision, he subsequently corresponded with the court – substantially so with regard to the reply he filed on August 13, 2016 – which allowed ample opportunity for petitioner to address his perceived issues with the warrant and final decision.

If Smith had pursued any of the available avenues for appeal, he could have presented these arguments to any number of decision makers. However, petitioner failed to follow the directions regarding appeal that were, at a minimum, provided to him in the parole revocation decision. Petitioner contends this constitutes appropriate cause because he was barred from raising his claim. But even if this were accurate, it does not address why petitioner failed to pose his claims regarding the forgery and detention in constitutional claims in any of his filings.

Third, Smith alleges that the Greene County Supreme Court was biased and acted in an "arbitrary and capricious manner" in denying his claims and therefore petitioner was certain that his constitutional rights could not be properly protected in any state court proceedings. Pet. ¶12, Ground One(d)(7); ¶13(a) Ground Three(a).

These claims are completely unsupported by the state court records. Regardless, "[i]t

is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the claim." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Accordingly, Smith has not established any cause sufficient to excuse his default.[5]

## V. CONCLUSION

Therefore, it is

ORDERED that

1. The petition, Dkt. No. 1, is **DENIED AND DISMISSED IN ITS ENTIRETY**;

2. No Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[6]

3. Any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and

4. The Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: January 22, 2018
Utica, New York.

United States District Judge

[5] Because there was no cause demonstrated, the Court need not address whether the petitioner suffered resulting prejudice. *Murray*, 477 U.S. at 496. Further, petitioner has not alleged, let alone established, that he is actually innocent.

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).